Michael Peffer (SBN: 192265)
PACIFIC JUSTICE INSTITUTE
2200 N. Grand Ave.
Santa Ana, CA 92704
Tel: (714) 796-7150
Email:  michaelpeffer@pji.org

Attorney for Plaintiff, BARBARA LOPEZ

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA LOPEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>OPTUM SERVICES, INC., AND DOES 1 TO 50, INCLUSIVE,<br><br>Defendants. | CASE NO.:<br><br>**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

Plaintiff, BARBARA LOPEZ brings this action against OPTUM SERVICES, INC. ("OPTUM") a Delaware Corporation. This action is based on violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et. seq.) and the California Fair Employment and Housing Act (Cal. Govt. Code 12900 et seq.), and the common law tort of Wrongful Termination in Violation of Public Policy.

The gravamen of this Complaint is that the Defendant refused to accommodate, retaliated against, otherwise discriminated against, and

- 1 -

subsequently terminated Plaintiff because she asked for accommodation to her religious beliefs. Defendant knew or should have reasonably known that Ms. Lopez held religious beliefs because she asserted them. Defendant nevertheless failed to accommodate and placed Ms. Lopez on unpaid leave in retaliation for seeking an accommodation.

## JURISDICTION AND VENUE

1)      This Court has authority over this action pursuant to 28 U.S.C. § 1331, in federal questions raised under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This Court has supplemental authority over Plaintiff's related claims arising under corollary state anti-discrimination law pursuant to 28 U.S.C. § 1367(a), and the common law tort of Wrongful Termination in Violation of Public Policy.

2)      Venue is proper in the Central District of California under 42 U.S.C. § 2000e-5(f)(3), in that the Defendant maintains significant operations within the Central District of California. The location of the Plaintiffs' employment, where the alleged unlawful employment practices took place, is within the Central District of California. This case is appropriate for assignment to the Eastern Division.

## PARTIES

### PLAINTIFF

3)      Ms. Lopez was an employee of OPTUM and at the time she requested an accommodation worked as a Provider Services Coordinator. Ms. Lopez resided in San Bernardino County when she first began her employment and continues to reside in the county.

### DEFENDANT

4)      Upon information and belief, OPTUM is a Delaware Corporation and headquartered in San Bernardino County, California.  OPTUM is a healthcare

- 2 -

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII**
**OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

company that provides, among other things, direct patient care in locations throughout the United States.

## STATEMENT OF FACTS

5)    Ms. Lopez began work at OPTUM in or around July 2017, working as a Provider Service Coordinator.  On information received and belief Ms. Lopez was treated as a long-term employee.

6)    During the COVID pandemic Ms. Lopez was willing to wear appropriate masks, taking weekly COVID tests and social distancing when in the office.

7)    Prior to September 2021, OPTUM issued a COVID-19 Vaccine Mandate to all employees. OPTUM Vaccine Mandate provided employees the option to request a reasonable accommodation which would allow them to perform the essential functions of their job and, at the same time ensure the safety of employees and students.  The process required employees to submit their sincerely held religious beliefs (SHRB) accommodation request in writing to the designated SHRB committee.  The committee would then review the request and approve or deny the request on an individualized basis.

8)    Significantly, Vera Godinez, Vice President of Optum, told Ms. Lopez that due to the fact that she was not working in patient facing position, she was not required to test or get the vaccine at that particular moment. Indeed, in the entire time Ms. Lopez worked for OPTUM, she had not worked directly with patients or providers.

9)    Ms. Lopez believes that her body belongs to God and is a temple of the Holy Spirit.

10)    Ms. Lopez believes that it is against her religion to ingest or inject her body with possible harmful substances.  This is paramount due to the usage of fetal

- 3 -

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII**
**OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

cell lines derived from abortion being used in the development and/or manufacture of the vaccine.

11)     On September 28, 2021, Ms. Lopez filed for an accommodation based on her SHRB.  Ms. Lopez expressed her concern for receiving the vaccine and not injecting her body with a harmful substance.

12)     On October 4, 2021 OPTUM granted Ms. Lopez' accommodation, purportedly on a temporary basis. Ms. Lopez was allowed to work remotely.

13)     On November 16, 2021, Supervisor Ms. Patricia Canas informed Ms. Lopez that she would need to return to the office for projects, and would need to be fully vaccinated per the policy mandate or be terminated.

14)     Notwithstanding that fact, Ms. Lopez was allowed to continue working remotely. On April 20, 2022 Ms. Lopez was told that OPTUM would no longer be allowed to work remotely, due to a purported burden on the company.

15)     Ms. Lopez was given until May 6, 2022 to reevaluate her vaccination decision or apply for other jobs within the company. This time was eventually extended until May 21, 2022.

16)     On or about May 21, 2022, Ms. Lopez was terminated.

17)     Ms. Lopez became aware that obtaining a religious exemption to the vaccine depended on who one's immediate supervisor was. She believes that gave rise for supervisors with animus toward her faith to refuse the request for accommodation.

18)     Furthermore, she was informed and thereupon believes that other employees within OPTUM were allowed to obtain an exemption based upon other protected classifications, such as disability.

19)     On March 3, 2023, Ms. Lopez obtained a "Right to Sue" letter from the United States Equal Employment Opportunity Commission (EEOC). A true and correct copy of the Right to Sue letter serves as "Exhibit A" to this Complaint.

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII
OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

20) OPTUM was egregiously prejudicial against Ms. Lopez when it failed to follow its own SHRB guidelines.

21) OPTUM further failed when it did not honor Ms. Lopez's religious exemption and refused to offer her weekly COVID testing, appropriate masking and social distancing as an alternative to the COVID-19 vaccine.

## FIRST CAUSE OF ACTION

Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.] Termination and Retaliation based on Religion Against Defendant.

22) PLAINTIFF hereby incorporates and realleges the preceding paragraphs, as though fully set forth herein.

23) Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), it is an unlawful employment practice for an employer: (1) to fail or refuse to hire or discharge any individual, or otherwise discriminate against any individual with respect to his or her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his or her employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his or her status as an employee, because of such individual's race, color, religion, sex, or national origin.

24) Ms. Lopez was at all times relevant herein an employee and applicant covered by U.S.C. § 2000e et seq.

25) Ms. Lopez held a deeply sincere religious objection to receiving the COVID-19 vaccine injection.

26) Ms. Lopez's accommodation was denied.

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII
OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

27)     OPTUM demonstrated that it was able to accommodate Ms. Lopez by allowing her to work remotely. However, OPTUM eventually refused to continue the accommodation, even though she was able to do her job remotely.

28)     Therefore, Ms. Lopez's SHRB and practices were a motivating factor in her termination.

29)     PLAINTIFF suffered significant damages because of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, pension, and the costs of bringing this action.

30)     OPTUM intentionally violated PLAINTIFF'S rights under Title VII with malice or reckless indifference.

31)     Ms. Lopez is entitled to backpay, front pay, restoration of pension benefits, compensatory damages, punitive damages, attorney's fees, costs of suit, a declaration that Defendant violated her rights under Title VII, and an injunction preventing Defendant from enforcing its discriminatory policies.

32)     Ms. Lopez is entitled to further relief as set forth below in her Prayer for Relief.

## SECOND CAUSE OF ACTION

Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.] Failure to Provide Religious Accommodation Against Defendant

33)     PLAINTIFF hereby incorporates and realleges the preceding paragraphs, as though fully set forth herein.

34)     Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., makes unlawful employment practice to fail or refuse to accommodate the religious beliefs and practices of an employee or prospective employee.

35)     Ms. Lopez suffered significant damages because of DEFENDANT'S unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, pension, and the costs of bringing this action.

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII
OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

36)    DEFENDANT intentionally violated Ms. Lopez's rights under Title VII with malice or reckless indifference.

37)    PLAINTIFF is entitled to backpay, front pay, pension, compensatory damages, punitive damages, attorney's fee, costs of the suit, a declaration that DEFENDANT violated her rights under Title VII, and an injunction preventing DEFENDANT from enforcing its discriminatory policies.

38)    PLAINTIFF is entitled to further relief as set forth below in her Prayer for Relief.

## THIRD CAUSE OF ACTION

Violation of the California Fair Employment and Housing Act (Cal. Govt. Code § 12900 et seq.)—Discrimination and Retaliation based on Religious Creed Against Defendant

39)    PLAINTIFF hereby incorporates a realleges the preceding paragraphs as though fully set forth herein.

40)    Under FEHA, it is further an unlawful employment practice for an employer to discriminate against an employee in compensation, terms, conditions, or privileges of employment, because of employee's religious creed.

41)    Ms. Lopez was at all times relevant herein an employee for purposes of FEHA.

42)    PLAINTIFF was at all times relevant herein a member of a protected religious class.

43)    DEFENDANT was at all times relevant herein an employee for purposes of FEHA.

44)    FEHA broadly defines religious creed to include all aspects of observance and practice.

- 7 -

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII
OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

45)    DEFENDANT intentionally discriminated against Ms. Lopez by making an adverse employment decision against her by terminating her employment.

46)    DEFENDANT demonstrated discriminatory animus toward PLAINTIFF by terminating her employment and showing callous indifference toward her sincere religious beliefs. DEFENDANT subsequently terminated PLAINTIFF without providing any alternative after PLAINTIFF'S request for religious accommodation. DEFENDANT terminated PLAINTIFF'S employment because of her religious creed. DEFENDANT discriminated against the PLAINTIFF based on her religious beliefs.

47)    Ms. Lopez suffered damages because of Defendant's unlawful discriminatory actions, including the emotional distress, past and future loss of wages and benefits, pension, and the cost of bringing this action.

48)    DEFENDANT intentionally violated Ms. Lopez's rights under FEHA with malice or reckless indifference, and, as a result, are liable for punitive damages.

49)    PLAINTIFF is entitled to such other and further relief as more fully set forth below in her Prayer for Relief.

## FOURTH CAUSE OF ACTION

Violation of the California Fair Employment and Housing Act (Cal. Govt. Code § 12900 et seq.)—Failure to Provide Religious Accommodations Against Defendant

50)    PLAINTIFF hereby incorporates and alleges the preceding paragraphs as though fully set forth herein.

51)    Under FEHA, it is an unlawful employment practice for an employer to terminate a person's employment because of a conflict between the person's religious beliefs or observance and any employment requirement, unless the

- 8 -

employer demonstrates that is has explored all reasonable means of accommodation of the religious beliefs or observances.

52) PLAINTIFF was a person and an employee of DEFENDANT within the meaning of FEHA.

53) DEFENDANT was always relevant herein employer of PLAINTIFF for purposes of FEHA.

54) PLAINTIFF is a devout believer in Christianity. DEFENDANT was aware of PLAINTIFF'S sincerely held religious beliefs.

55) PLAINTIFF holds strong beliefs based on her understanding of the teachings of Christianity, which prohibits Ms. Lopez from utilizing vaccines made from fetal tissues or anything harmful to her body which she considers a temple of the Holy Spirit.

56) PLAINTIFF requested an accommodation from DEFENDANT. DEFENDANT denied the request claiming that only remote workers could be exempt and, despite her immediate supervisor's approval that PLAINTIFF could work remotely, PLAINTIFF would need to comply with the vaccine mandate clearly discriminating against PLAINTIFF in her religious beliefs.

57) PLAINTIFF notified DEFENDANT that she would not be getting the vaccine and that she could not compromise her religious convictions.

58) DEFENDANT offered no accommodations other than PLAINTIFF receive the vaccine or be terminated.

59) DEFENDANT'S refusal to continue the accommodation, or even explore any kind of additional accommodation of PLAINTIFF'S religious beliefs, was a substantial motivating factor in DEFENDANT'S decision to deprive PLAINTIFF of the employment.

60) PLAINTIFF suffered significant damages because of DEFENDANT'S unlawful discriminatory actions, including emotional distress,

- 9 -

past and future lost wages and pension benefits, and the costs of bringing this action.

61) DEFENDANT intentionally violated PLAINTIFF'S rights under FEHA with malice or reckless indifference.

62) PLAINTIFF is entitled to backpay, front pay, pension, compensatory damages, punitive damages, attorney's fees, costs to bring suit, a declaration that DEFENDANT violated PLAINTIFF'S rights under Title VII, and an injunction preventing DEFENDANT from enforcing their discriminatory policies.

63) PLAINTIFF is entitled to further relief as more fully set forth below in her Prayer for Relief.

## FIFTH CAUSE OF ACTION

Wrongful termination in violation of public policy – Common Law Tort Against Defendant

64) PLAINTIFF hereby realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

65) PLAINTIFF was terminated for requesting a religious accommodation in compliance with both Title VII of the Civil Rights Act of 1964, and Cal. Govt. Code § 12900 et seq.

66) Cal. Govt. Code § 12920 states, "It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgement on account of race, religious creed."

67) Cal. Govt. Code §12920 goes on to state, "Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, veteran or military status, or genetic information in housing accommodations is declared to be against public policy."

- 10 -

68)     PLAINTIFF was always relevant herein an employee of DEFENDANT and covered by 42 U.S.C. § 2000e, et seq., prohibiting discrimination in employment based on religion.

69)     PLAINTIFF was a person and an employer for purposes of 42 U.S.C. § 2000e, et seq.

70)     PLAINTIFF was a person and an employee of DEFENDANT within the meaning of FEHA.

71)     DEFENDANT was always relevant herein an employer of Plaintiff for purposes of FEHA.

72)     PLAINTIFF is a devout follower of Christianity. DEFENDANT was aware of the sincere religious beliefs PLAINTIFF held.

73)     PLAINTIFF held a deeply religious objection to receiving the COVID-19 vaccine and was, in the end, denied accommodation although DEFENDANT recognized that PLAINTIFF had SHRB, and had originally .

74)     DEFENDANT only provided a temporary SHRB accommodation, notwithstanding the fact that according the its own policy, or offer any alternative accommodation that PLAINTIFF was willing to adhere to.

75)     There were no valid reasons whatsoever for terminating PLAINTIFF'S employment, other than PLAINTIFF requesting accommodation for her SHRB under Title VII and FEHA.

76)     PLAINTIFF'S SHRB and practices were therefore a motivating factor in her termination. PLAINTIFF suffered a wrongful termination for exercising her right to seek an accommodation of her truly SHRB entitled to her under Title VII and FEHA.

77)     FEHA declares by statute that such unlawful termination is in violation of public policy.

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII
OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

78)    PLAINTIFF suffered significant harm because of DEFENDANT'S unlawful discriminatory actions, including emotional distress, past and future loss of wages and pension benefits, and the costs associated with bringing this action.

79)    DEFENDANT intentionally violated PLAINTIFF'S rights under Title VII and FEHA with malice or reckless indifference.

80)    PLAINTIFF is entitled to backpay, front pay, pension, compensatory damages, punitive damages, attorney's fees, costs of suit, a declaration that DEFENDANT violated her rights under Title VII, and an injunction preventing DEFENDANT from enforcing its discriminatory policies.

81)    PLAINTIFF is entitled to further relief as more fully set forth below in her Prayer for Relief.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays this Court grant relief as follows:

A.    Award PLAINTIFF backpay, including past loss of wages and benefits, plus interest;

B.    Award PLAINTIFF her front pay, including future wages and restoration of pension benefits;

C.    Award PLAINTIFF other and further compensatory damages in an amount according to proof;

D.    Award PLAINTIFF noneconomic damages, including but not limited to mental health suffrage;

E.    Award PLAINTIFF her reasonable attorney's fees and costs of suit;

F.    Award PLAINTIFF punitive damages.

G.    Enjoin DEFENDANT from enforcing its discriminatory policies;

H.    Declare that DEFENDANT has violated Title VII of the Civil Rights Act and FEHA; and

I.    Grant PLAINTIFF such additional or alternative relief as the Court deems just and proper.


DATED: June 1, 2023          PACIFIC JUSTICE INSTITUTE


By:_*Michael Peffer*_____

MICHAEL PEFFER, ESQ.,

Attorney for Plaintiff, BARBARA LOPEZ


DEMAND FOR JURY TRIAL


PLAINTIFF, BARBARA LOPEZ hereby demands a jury trial in this matter.


DATED:   June 1, 2023      **PACIFIC JUSTICE INSTITUTE**


By:_*Michael Peffer*_____

MICHAEL PEFFER, ESQ.,

Attorney for Plaintiff, BARBARA LOPEZ

- 13 -

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII**
**OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

## VERIFICATION

I, Barbara Lopez, am the Plaintiff in the above-captioned matter. I have read the AMENDED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.] and am familiar with same. The contents are true and accurate and known to me by personal knowledge except for those matters asserted on information and belief. As to those matters, I believe them to be true. I declare under penalty of lying under oath, under the laws of the United States and the State of California, that the foregoing is true and correct. Executed this 1st day of June, 2023, in the County of San Bernardino, State of California.

Barbara Lopez

# VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]

# EXHIBIT A

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**